# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATOYA JOHNSON,<br><br>        Plaintiff,<br><br>        v.<br><br>GOLDEN EMPIRE TRANSIT DISTRICT, et al.,<br><br>        Defendants. | 1:14-CV-001841 LJO JLT<br><br>**ORDER FOR SUR-REPLY RE MOTION TO STRIKE AFFIRMATIVE DEFENSES (Doc. 8).** |

      On November 20, 2014, Latoya Johnson ("Plaintiff") initiated this lawsuit against Golden Empire Transit District ("Defendant"), alleging: (1) interference with rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615; (2) discrimination based on a request for leave under the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2; (3) disability discrimination/ failure to accommodate/ failure to engage in the iterative process in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900, *et seq.*; (4) failure to prevent discrimination under FEHA. Doc. 1. Defendant filed its answer on January 14, 2015. Doc. 7.

      Before the Court for decision is Plaintiff's motion to strike certain affirmative defenses asserted in the answer. Doc. 8. Plaintiff's motion to strike attacked the sufficiency of the first through the thirty-sixth affirmative defenses pled in Defendant's answer. Doc. 9. In its Opposition, Defendant concedes that some of its affirmative defenses are insufficient and seeks permission to file a lodged amended answer that contains a total of eighteen proposed amended affirmative defenses. Doc. 11. Plaintiff is correct that if a defense is insufficiently pleaded, the Court should freely grant leave to amend when

doing so would not cause prejudice to the opposing party. However, in reply Plaintiff again argues that the second through eighteenth proposed amended affirmative defenses are insufficient. This is, in and of itself, an awkward situation, as Plaintiff is attempting to challenge affirmative defenses in a proposed amended answer that has yet to be accepted for filing. To make things more awkward, the Court is being asked to do so without the benefit of any response from Defendant. In the interest of judicial efficiency, the Court will construe Plaintiff's reply as a motion to strike the proposed amended answer. To afford Defendant's an opportunity to respond and to aid in resolution of the disputes, Defendant is directed to file a sur-reply on or before April 3, 2015. Defendant is cautioned that the Court is particularly concerned about whether and under what circumstances Defendant's references to Plaintiff's collective bargaining agreement are relevant to legally sufficient affirmative defenses. No further briefing is authorized.

IT IS SO ORDERED.

   Dated:  **March 25, 2015**              /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE