UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATOYA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN EMPIRE TRANSIT DISTRICT,<br><br>Defendant. | 1:14-CV-001841 LJO JLT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES (Doc. 8).** |

## I. INTRODUCTION

On November 20, 2014, Latoya Johnson ("Plaintiff") initiated this lawsuit against Golden Empire Transit District ("GET" or "Defendant"), alleging: (1) interference with rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615; (2) discrimination based on a request for leave under the California Family Rights Act ("CFRA"), Cal. Gov. Code § 12945.2; (3) disability discrimination/ failure to accommodate/ failure to engage in the iterative process in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900, *et seq*.; (4) failure to prevent discrimination under FEHA. Doc. 1 ("Compl."). Defendant filed its answer on January 14, 2015. Doc. 7. Before the Court for decision is Plaintiff's motion to strike certain affirmative defenses asserted by Defendant. Doc. 8. Defendant filed opposition to the motion to strike, to which Defendant attached a proposed amended answer ("PAA"), modifying certain affirmative defenses and eliminating others. Doc. 11. Defendant also opposed striking certain affirmative defenses that it did not materially alter in the PAA. *Id*. Plaintiff replied, reiterating that most of the proposed amended affirmative defenses should

1

be stricken. Doc. 12. In the interest of judicial economy and fairness, the Court permitted Defendant to file a sur-reply. Docs. 16 & 17. The matter was taken under submission without oral argument pursuant to Local Rule 230(g). For the reasons set forth below the motion to strike is GRANTED IN PART AND DENIED IN PART.

## II. FACTUAL BACKGROUND[1]

Plaintiff was at all times material to this action employed by GET as a driver, a position she held since 2012. Compl. at ¶¶ 4, 8. In December 2013, Plaintiff requested a leave of absence under the FMLA due to a knee injury that, among other things, limited her ability to walk, kneel, or squat. *Id*. at ¶ 9. Plaintiff provided medical documentation in support of this request. *Id*. In January 2014, Plaintiff visited her doctor, who indicated she needed to take additional time off work due to her knee injury. *Id*. Plaintiff faxed a note from her physician to Defendant and called Defendant to request additional leave. *Id*. at ¶ 10. However, when Plaintiff visited Defendant's offices on or about January 9, 2014 to discuss modified duty and her injuries, Plaintiff was advised that she had been suspended from her position as driver. *Id*. On February 6, 2014, Defendant terminated Plaintiff's employment, claiming she violated rules on the day of the injury by allegedly leaving her bus unattended. *Id*. at ¶ 11. Plaintiff asserts that she and other drivers had engaged in similar conduct prior to December 2013 without discipline. *Id*. Plaintiff further alleges that she filed a claim with the California Department of Fair Employment and Housing and received a right to sue letter, which was served on Defendant. *Id.* at ¶ 12.

## III. STANDARD OF DECISION

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Whether to grant a motion to strike lies within the sound discretion of the district court." *Neilson v.*

---

[1] The facts recited in this background section are drawn exclusively from Plaintiff's Complaint in light of the fact that in evaluating a motion to strike affirmative defenses, the Court must view the pleading under attack in the light most favorable to the pleader. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

*Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). The grounds for a motion to strike must appear on the face of the pleading under attack. When ruling on a motion to strike, the Court must view the pleading under attack in the light most favorable to the pleader. *Id*.

Affirmative defenses plead matters extraneous to the plaintiff's prima facie case and operate to deny plaintiff's right to recover, even if plaintiff's allegations are true. *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). An affirmative defense may be stricken as insufficient either as a matter of law or as a matter of pleading. *Kohler v. Islands Restaurants, LP,* 280 F.R.D. 560, 564 (S.D. Cal. 2012). "Motions to strike are not favored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008) (internal citation and quotation omitted). Unless the defenses seeking to be stricken are shown to be such, or to be insufficiently pled under Fed. R. Civ. P. 8, the Court will simply consider them not as affirmative defenses, but as general denials or objections. *See, In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 08–MD–1919 MJP, 2011 WL 1158387, at *2 (W.D. Wash. Mar. 25, 2011).

**A.     Legal Insufficiency**

Legal sufficiency of an affirmative defense is determined in light of the related claims. Thus, an affirmative defense is legally insufficient only if it lacks merit under any set of facts a defendant might allege. *McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 2d 1140, 1149 (N.D. Cal. 2009), *rev'd on other grounds*, 474 Fed. Appx. 515 (9th Cir. 2012). When determining legal sufficiency on a motion to strike, the court "may not resolve disputed and substantial factual or legal issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F. 3d 970, 973 (9th Cir. 2010).

**B.     Pleading Insufficiency**

Pleading of affirmative defenses is governed by Fed. R. Civ. P. 8(c), which provides, in pertinent part, that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). The Ninth Circuit has held that "[t]he key to determining the sufficiency of pleading an

affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (1979) (citing *Conley v. Gibson,* 355 U.S. 41, 47–48, (1957)). Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based. *Dodson v. Strategic Restaurants Acquisition Co. II, LLC,* 289 F.R.D. 595, 599 (E.D. Cal. 2013) (citation omitted). While a plaintiff does not need to provide detailed factual allegations, *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), requires plaintiffs to establish grounds for entitlement to relief beyond mere recitation of elements of a cause of action. *Wine Group LLC v. L. & R. Wine Co.*, No. 10-CV-02204 MCE-KJN, 2011 WL 130236 at *2 (E.D. Cal. Jan. 14, 2011). In *Ashcroft v. Iqbal*, the Supreme Court expanded on this idea, stating:

> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned…accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

556 U.S. 662, 678 (2008) (citations and quotation marks omitted).

The Eastern District of California has affirmed that the *Twombly/Iqbal* "heightened" pleading standard applies to affirmative defenses. *Mayfield v. Cnty. of Merced*, No. 1:13-CV-1619-LJO-BAM, 2015 WL 791309, at *3 (E.D. Cal. Feb. 25, 2015); *Wine Group LLC*, 2011 WL 130236 at *2. Courts in this district have held that "to the extent that the heightened pleading standard announced by these cases is based on the wording of Rule 8, a sufficient textual basis lies in Rule 8(b)(1) for extending their holdings to the pleading of affirmative defenses." *Dodson,* 289 F.R.D at 601. Applying this heightened standard will "serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleading where many of the defenses alleged are irrelevant to the claims asserted." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). "Because the defendant bears the burden of proof on affirmative defenses, the defendant must plead "at least some valid factual basis" in support of its affirmative defense. *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at * 7 (N.D. Cal. Mar. 26, 2012).

## IV. DISCUSSION

**A.      Summary of Motion**

Plaintiff's motion to strike attacked the sufficiency of the first through the thirty-sixth (36th) affirmative defenses pled in Defendant's original answer. Doc. 9. In its Opposition, Defendant concedes that some of its affirmative defenses are insufficient and seeks permission to file the PAA, which contains a total of eighteen (18) proposed amended affirmative defenses. Doc. 11. Plaintiff is correct that if a defense is insufficiently pleaded, the Court should freely grant leave to amend when doing so would not cause prejudice to the opposing party. *Wyshak*, 607 F.2d at 826. However, in reply Plaintiff again argues that the proposed amended affirmative defenses should be stricken. Doc. 12. Accordingly, the Court will evaluate each proposed amended affirmative defense to determine whether it should be stricken from any amended answer and/or whether further leave to amend is appropriate as to any stricken proposed amended affirmative defenses.

**1.      First Proposed Amended Affirmative Defense.**

The first proposed amended affirmative defense asserts that Plaintiff failed to exercise reasonable and ordinary care, caution or prudence, and that Plaintiff's alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or intentional conduct. PAA at 7. In the original Answer, no factual support was provided for this affirmative defense, so Plaintiff moved to strike on the ground Defendant failed to comply with *Twombly/Iqbal*. Doc. 9 at 3. Plaintiff also argued it "is doubtful this is even an actual defense." *Id*. The PAA adds some additional factual allegations, including some allegations regarding the collective bargaining agreement ("CBA") covering Plaintiff's employment discussed in greater detail below. PAA at 7. Critically, however, the Court can locate no authority to support a finding that negligence and associated concepts of proximate cause are relevant to discrimination claims such as those raised in this case. *See Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2014 WL 295829, at *3 (N.D. Cal. Jan. 27, 2014) (reaching the same conclusion). Accordingly, the motion to strike the first proposed amended affirmative defense is

**GRANTED WITHOUT LEAVE TO AMEND**, as amendment would be futile.

### 2. Second Proposed Amended Affirmative Defense.

The second proposed amended affirmative defense is failure to reasonably mitigate damages. PAA at 7. Plaintiff is seeking to recover lost wages and emotional distress damages. Compl. at 7. Defendant argues that it cannot reasonably be expected to describe facts supporting its failure to mitigate defense because the facts upon which any such defense would be based are unknown to Defendant and must be obtained through discovery. Doc. 11 at 2. The Court is mindful that, in applying the *Twombly/Iqbal* standard to affirmative defenses, courts in the Eastern District of California have taken into consideration the fact that "in many cases, the relevant facts supporting affirmative defenses are within the <u>defendant's</u> possession," *Dodson*, 2013 WL 3146818, at *6 (emphasis added), thereby making application of the *Twombly/Iqbal* standard more reasonable. Here, at least according to Defendant, Defendant does not yet possess facts relevant to Plaintiff's mitigation of damages. However, a defendant's likely possession information relevant to affirmative defenses is not the only factor cited in support of applying the *Twombly/Iqbal* pleading standard to affirmative defenses. For example, in *Dodson*, the district court noted that "if a defendant must omit an affirmative defense for lack of the necessary factual support, it may do so secure in the knowledge that the Ninth Circuit has 'liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading.'" *Id*. (*citing Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984)). At this point in the litigation, Defendant has failed to set forth any factual basis in support of its failure to mitigate damages affirmative defense, and therefore has failed to put Plaintiff on notice of the grounds for that affirmative defense. Accordingly, the motion to strike the second proposed amended affirmative defense is **GRANTED WITHOUT PREJUDICE** to defendant filing a motion to amend its answer to re-assert this defense with appropriate factual allegations.

### 3. Third Proposed Amended Affirmative Defense.

The third proposed amended affirmative defense is that Defendant's conduct was justified,

privileged, truthful and based on legitimate, non-discriminatory reasons. PAA at 8. Plaintiff argues that an assertion that a defendant acted for justifiable reasons is not a proper affirmative defense. In support of her argument, Plaintiff cites *Joe Hand Promotions, Inc. v. Alvarado*, No. 1:10-cv-00907 LJO JLT, 2010 WL 4746165, *2, (E.D. Cal. Nov. 16, 2010) *opinion vacated in part on reconsideration sub nom by* 2011 WL 201466 (E.D. Cal. Jan. 19, 2011), which applied the general rule that, in contrast to "affirmative defenses which plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true ..., general denials of the allegations in the complaint or allegations that plaintiff cannot prove certain elements of his claim are not affirmative defenses." In *Alvarado*, Magistrate Judge Jennifer L. Thurston found that "failure to state a claim" was not a proper affirmative defense because it assets a defect in Plaintiff's prima facie case; an assertion of entitlement to indemnity was not truly an affirmative defense because it is a claim that must be pleaded and proved; and general allegations of causation and consent were not affirmative defenses because they merely demonstrate that plaintiff has not met its burden of proof as to an element plaintiff is required to prove. *Id*.

       The affirmative defense of justification, which is akin to the defense of having "legitimate, non-discriminatory reasons" is distinguishable from those addressed in *Alvarado*, because the existence of a legitimate, non-discriminatory reason in the employment discrimination context is part of a defendant's rebuttal to a prima facie case of discrimination and is therefore properly categorized as an affirmative defense. *See Cervantes v. Cemex, Inc*., No. 1:12-CV-01932-LJO, 2014 WL 6090414, at *4 (E.D. Cal. Nov. 13, 2014). The affirmative defenses that Defendant's conduct was "justified" and based upon "legitimate, nondiscriminatory reasons" are properly pleaded and appear to be supported by "at least some valid factual basis." Therefore, the motion to strike is **DENIED** as to this portion of the third proposed amended affirmative defense.

       Plaintiff also objects to Defendant's reference in this defense to the fact that the CBA governing Plaintiff's employment requires disputes pertaining to employee discipline and termination to be

resolved through the CBA's internal grievance procedure, but that Plaintiff failed to avail herself of these procedures. PAA at 8. Plaintiff argues that her election not to pursue a grievance under the CBA cannot form the basis of a valid affirmative defense, because, under a line of authority cited by Plaintiff, including *Wawock v. CSI Elec. Contractors, Inc.*, No. 2:14-CV-06012 SVW, 2014 WL 5420900, at *3 (C.D. Cal. Oct. 21, 2014), the existence of a CBA grievance procedure cannot amount to a waiver of the right to bring a discrimination lawsuit unless the CBA, at the very least, identifies the specific statutes the CBA purports to incorporate or include within its scope. *See* Doc. 12 at 3, 7.

In its sur-reply, Defendant acknowledges this line of authority and does not dispute its applicability, but nevertheless argues that the existence of the CBA grievance procedure and Plaintiff's failure to pursue it "gives rise to an inference that [Plaintiff] believed the [violation] findings were correct," an inference that "supports" Defendant's other affirmative defenses. Doc. 17 at 2-3. The Court will permit this reference to remain, but only for this limited purpose. In other words, the CBA cannot support any independent affirmative defense akin to waiver, but may, where relevant, serve as evidence in support of the assertion of other affirmative defenses. Its existence and Plaintiff's failure to engage in the CBA's grievance procedure is arguably evidentiary support for Defendant's assertion that it had a legitimate, non-discriminatory reason for Plaintiff's termination.[2] Therefore, the motion to strike is **DENIED** as to this portion of the third proposed amended affirmative defense.

The third proposed amended affirmative defense also asserts that Defendant's conduct was "privileged and truthful." Plaintiff correctly points out that while privilege and truth are defenses to defamation claims, no such claims are found in this complaint. Defendants do not make any attempt to explain how this aspect of the third proposed amended affirmative defense is relevant to this litigation. Accordingly, the motion to strike is **GRANTED WITHOUT LEAVE TO AMEND** as to the portion of the third proposed amended affirmative defense asserting the defenses of "privileged or truthful," as

---

[2] In so finding, the Court is not making a final ruling as to the admissibility of any such evidence on summary judgment or at trial.

8

Plaintiff has not asserted and the Court cannot fathom a non-frivolous basis for this assertion.

**4.     Fourth Proposed Amended Affirmative Defense.**

Plaintiff does not object to the portion of the fourth proposed amended affirmative defense asserting the defense of failure to exhaust administrative remedies. Doc. 12 at 2-3.

However, Plaintiff does object that this defense again asserts that Plaintiff had the right to challenge her disciplinary violations through the CBA's grievance procedure but declined to do so. *Id*. While, as discussed above, the existence of the CBA may be a relevant evidentiary support for certain affirmative defenses, Defendants make no effort to connect Plaintiff's failure to pursue the CBA grievance procedure to <u>this</u> particular affirmative defense. How does Plaintiff's failure to pursue the CBA grievance procedure support the assertion that Plaintiff failed to pursue relevant administrative remedies? The Court can discern no logical connection and Defendant makes no effort to identify one. Accordingly, the motion to strike those portions of the fourth proposed amended affirmative defense referencing the CBA is **GRANTED WITHOUT LEAVE TO AMEND**.

**5.     Fifth Proposed Amended Affirmative Defense.**

The fifth proposed amended affirmative defense asserts that the Complaint is barred or limited by the doctrine of waiver. PAA at 9. Again, this proposed amended affirmative defense points to the CBA as the source of the waiver, asserting that its provisions require binding arbitration of disciplinary and termination disputes and that failure to invoke the CBA's grievance procedure constitutes a waiver of the right to arbitrate. *Id*. As discussed above, Plaintiff points to a line of authority, including *Wawock*, 2014 WL 5420900, at *3, that stands for the proposition that failure to engage in the grievance procedures set forth in a CBA can only constitute a waiver of the right to bring statutory discrimination claims if, at the very least, the CBA identifies the specific statues the CBA purports to cover with its grievance procedures. Defendant does not even attempt to argue that the CBA applicable to Plaintiff's employment at GET contains any such specific references. Therefore, the CBA cannot constitute a basis for an affirmative defense that Plaintiff waived her right to bring the discrimination claims at issue in

this case.

However, Defendant asserts that it nevertheless may argue that Plaintiff's failure to engage in the CBA's grievance process constitutes a waiver of her right to challenge the fact that she engaged in misconduct in the workplace. Neither party has provided legal authority relevant to this particular assertion. Accordingly, the motion to strike this aspect of the fifth proposed amended affirmative defense is **DENIED WITHOUT PREJUDICE.**

### 6. Sixth Proposed Amended Affirmative Defense.

The sixth proposed amended affirmative defense alleges that Plaintiff's Complaint is barred or limited by the doctrine of consent because she failed to engage in the CBA's grievance procedures. PAA at 9. Defendant suggests that this proposed amended affirmative defense should be treated on par with the waiver defense. However, Defendant has cited no legal authority for its position that consent is <u>ever</u> an appropriate affirmative defense against claims of discrimination. *See Richmond v. Mission Bank*, No. 1:14-CV-00184-AWI, 2014 WL 2002312, at *5 (E.D. Cal. May 15, 2014) (holding that consent is not a proper affirmative defense to discrimination claims). Therefore, the motion to strike the sixth proposed amended affirmative defense is **GRANTED WITHOUT LEAVE TO AMEND**.

### 7. Seventh Proposed Amended Affirmative Defense.

The seventh proposed amended affirmative defense alleges that Defendant's acts are "excused by the acts, errors, or omissions of Plaintiff," in that she was "suspended and later terminated because she violated GET's progressive disciplinary policy by committing five disciplinary violations within the twelve month period prior to her termination. PAA at 9. Plaintiff moves to strike this affirmative defense as redundant of the legitimate non-discriminatory reason defense. Doc. 12 at 3. Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any <u>redundant</u>, immaterial, impertinent, or scandalous matter." (Emphasis added.) Defendant offers no explanation why this independent affirmative defense is not redundant. Moreover, under the *McDonald Douglas* framework, which applies to all claims in this case, the only form of "excuse" a

Defendant can offer is a "legitimate non-discriminatory" reason for its actions. *See Price v. Multnomah Cnty.*, 132 F. Supp. 2d 1290, 1296 (D. Or. 2001) (applying *McDonald Douglas* framework to FMLA); *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 264-65 (2001) (same as to CFRA); *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354 (2000) (same as to FEHA). Additional formulations of "excuse" are legally insufficient and serve to obfuscate the only available defense of this nature. Accordingly, the motion to strike the seventh proposed amended affirmative defense is **GRANTED WITHOUT LEAVE TO AMEND**.

### 8. Eighth Proposed Amended Affirmative Defense.

The eighth proposed amended affirmative defense asserts that "at all times [Defendant] acted reasonably and in good faith, based upon all relevant facts and circumstances known by the Defendant at the times it acted," again relying on Plaintiff's suspension for violating Defendant's progressive discipline policy and her failure to participate in the CBA's grievance procedures. PAA at 10. As is the case with the seventh proposed amended affirmative defense, the eighth is legally insufficient and redundant of the legitimate non-discriminatory reason defense. Accordingly, the motion to strike the eighth proposed amended affirmative defense is **GRANTED WITHOUT LEAVE TO AMEND**.

### 9. Ninth Proposed Amended Affirmative Defense.

The ninth proposed amended affirmative defense asserts that Defendant owes no duty or obligation and/or has fully performed, satisfied, and/or discharged any such duty or obligation. PAA at 11. Again, Defendant's only factual support for this affirmative defense mirrors that provided for many other proposed amended affirmative defenses: Plaintiff had numerous disciplinary violations and failed to challenge them through the CBA's grievance procedures. *Id*. This proposed amended affirmative defense sounds in tort and appears to assert tort-like defenses (e.g., absence of duty, satisfaction of duty). However, the Court has been unable to locate and Defendant has failed to present any authority suggesting that such defenses are appropriate in connection with discrimination claims. *See Equal Employment Opportunity Comm'n v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1006 (5th Cir. 1980)

(Title VII defendant may not present affirmative defenses sounding in tort); *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1102 (D. Minn. 2012) (same as applied to claim under the Americans with Disabilities Act). Accordingly, because the ninth proposed amended affirmative defense is legally insufficient, Plaintiff's motion to strike it is **GRANTED WITHOUT LEAVE TO AMEND**.

### 10. Tenth Proposed Amended Affirmative Defense.

The tenth proposed amended affirmative defense alleges "Plaintiff's purported claims are barred in whole or in part to the extent that nay conduct attributable to the Defendant was ratified by Plaintiff and/or Plaintiff's representatives or agents." PAA at 11. Yet again, Defendant rehashes the same factual support for this affirmative defense: that Plaintiff was suspended and later terminated for disciplinary infractions and then failed to pursue the CBA grievance procedure to challenge those infractions. To the extent that Plaintiff's failure to pursue the CBA grievance procedure could ever constitute a form of "ratification," the Court is unaware of any authority supporting assertion of "ratification" as a valid defense to a discrimination claim. The proper formulation of a defense based upon this fact is that of a legitimate nondiscriminatory reason for the adverse action. As is the case with the seventh and eighth proposed amended affirmative defense, the tenth is legally insufficient and redundant of the legitimate non-discriminatory reason defense. Accordingly, the motion to strike the tenth proposed amended affirmative defense is **GRANTED WITHOUT LEAVE TO AMEND**.

### 11. Eleventh Proposed Amended Affirmative Defense.

The eleventh proposed amended affirmative defense asserts that Plaintiff's claims are frivolous and that Defendant is entitled to recover costs and attorney's fees in connection with defending the case. Defendant has agreed to remove this affirmative defense with the proviso that Defendant may seek such remedies once the trier of fact has decided Plaintiff's claims. Accordingly, the motion to strike the eleventh proposed affirmative defense is **GRANTED WITHOUT LEAVE TO AMEND**.

//

//

**12. Twelfth Proposed Amended Affirmative Defense.**

The twelfth proposed amended affirmative defense asserts "Plaintiff's exclusive remedy for her physical, mental and/or emotional injuries, including claims for emotional distress, is under the California Worker's Compensation Act." PAA at 13. "Negligent response to harassment or discrimination claims because these claims are based on accusations of discrimination, which is not a normal risk of the compensation bargain." *Scott v. Solano County Health and Social Services Dept.*, 459 F. Supp. 2d 959, 971 (E.D. Cal. 2006). "As discrimination is not a normal risk of employment this affirmative defense is legally insufficient." *Mayfield v. Cnty. of Merced*, No. 1:13-CV-1619-LJO-BAM, 2015 WL 791309, at *5 (E.D. Cal. Feb. 25, 2015). Therefore, the motion to strike the twelfth proposed amended affirmative defense is **GRANTED WITHOUT LEAVE TO AMEND** because the affirmative defense is inapplicable as a matter of law.

**13. Thirteenth Proposed Amended Affirmative Defense.**

The thirteenth proposed amended affirmative defense alleges that Defendant had a "lawful, justifiable business reason and necessity for taking all action in engaged in with respect to Plaintiff." PAA at 13. The motion to strike is GRANTED WITHOUT LEAVE TO AMEND as to this affirmative defense for the same reason the motion is granted as to the seventh, eighth and tenth affirmative defenses.

**14. Fourteenth Proposed Amended Affirmative Defense.**

The fourteenth proposed amended affirmative defense asserts the defenses of "qualified immunity, the manager's privilege, the litigation privilege, and in the case of statements made, the privilege as set forth in California Civil Code section 47." PAA at 14.

As to the defense of "qualified immunity," Plaintiff argues that such a defense is only available to individuals. Doc. 12 at 5. However, Defendant points out that an individual defendant was recently named as a defendant, rendering this objection moot insofar as counsel for GET will be authorized to file an answer on behalf of the individual defendant. Yet, while qualified immunity is a defense to

13

1  individual state actor liability in actions brought pursuant to 42 U.S.C. § 1983, the Supreme Court has
2  specifically noticed that "the reasons for recognizing such an immunity were based not simply on the
3  existence of a good faith defense at common law, but on the special policy concerns involved in suing
4  government officials." *Wyatt v. Cole*, 504 U.S. 158, 168 (1992). The Supreme Court concluded "that the
5  rationales mandating qualified immunity for public officials are not applicable to private parties." *Id*.
6  Although it appears possible that GET is a municipal agency, no such allegations are contained in either
7  the Complaint or the PAA. Accordingly, the motion to strike the second proposed amended affirmative
8  defense is **GRANTED WITH LEAVE TO AMEND.** As Defendant should presently possess the
9  information necessary to supplement its assertion of this defense, any such amendment must be filed as
10 part of an amended answer within fourteen (14) days of issuance of this order.

11         Manager's privilege is a defense sounding in tort and is generally asserted in defense to claims of
12 interference with contractual relations, where the manager's privilege applies to acts motivated, even in
13 part, by a good faith intent to benefit the company's interest. *Howell v. Fed. Express Corp.*, No. C-96-
14 3215 MMC, 1997 WL 88377, at *3 (N.D. Cal. Feb. 13, 1997)(citing *Los Angeles Airways, Inc. v. Davis*,
15 687 F.2d 321, 326 (9th Cir. 1982)). However, discrimination cannot possibly be viewed as an action
16 taken to benefit a company's best interest and thus cannot be actions protected by the "manager's
17 privilege." *See Howell*, 1997 WL 88377, at *3. This defense is unavailable as a matter of law.
18 Accordingly, Plaintiff's motion to strike this aspect of the fourteenth proposed amended affirmative
19 defense is **GRANTED WITHOUT LEAVE TO AMEND**.

20         The litigation privilege is codified in California Civil Code 47(b), and applies to communications
21 made in any judicial or quasi-judicial proceeding. *Mansell v. Otto*, 108 Cal. App. 4th 265, 271 (2003);
22 *see also*, *Graham-Sult v. Clainos*, 756 F.3d 724, 741 (9th Cir. 2014). Here, there is no allegation that any
23 communications at issue in this case were made in a judicial or a quasi-judicial proceeding. Likewise,
24 the defense contains no factual reference to any such communications, making this privilege improperly
25 pled under *Twombly/Iqbal*. Accordingly, Plaintiff's motion to strike this aspect of the fourteenth

proposed amended affirmative defense is **GRANTED WITH LEAVE TO AMEND.** As Defendant should presently possess the information necessary to supplement its assertion of this defense, any such amendment must be filed as part of an amended answer within fourteen (14) days of issuance of this order.

### 15. Fifteenth Proposed Amended Affirmative Defense.

The fifteenth proposed amended affirmative defense asserts that Plaintiff's damages and claims are "reduced and/or barred in their entirety by the 'Avoidable Consequences' doctrine." PAA at 14. Defendant provides no factual basis for this affirmative defense in the PAA, asserting instead that it alleges it now "so that it is not waived." For the reasons explained above in connection with the defense of failure to mitigate damages, the motion to strike the fifteenth proposed amended affirmative defense is **GRANTED WITHOUT PREJUDICE** to defendant filing a motion to amend its answer to re-assert this defense with appropriate factual allegations.

### 16. Sixteenth Proposed Amended Affirmative Defense.

The sixteenth proposed amended affirmative defense alleges that Plaintiff violated California Labor Code § 2858 (requiring an employee to exercise a reasonable degree of skill) and 2859 (requiring an employee to "use such skill as he possesses, so far as the same is required, for the service specified") in that Plaintiff failed to exercise a reasonable degree of skill in the performance of her duties of employment. PAA at 14-15. This is, again, a reformulation of Defendant's legitimate nondiscriminatory reason defense. For the same reason the other reformulations are stricken, Plaintiff's motion to strike the sixteenth proposed amended affirmative defense is **GRANTED WITHOUT LEAVE TO AMEND**. Defendant may incorporate references to these statutes within its legitimate nondiscriminatory reason defense.

### 17. Seventeenth Proposed Amended Affirmative Defense.

The seventeenth proposed amended affirmative defense alleges that "Plaintiff's claims are barred

15

by the fact that she failed to exhaust the grievance/arbitration process contained in the [CBA] to which she was subject." PAA at 15. For the same reasons articulated above in connection with the waiver defense, the motion to strike this affirmative defense is **GRANTED WITHOUT LEAVE TO AMEND**.

### 18. Eighteenth Proposed Amended Affirmative Defense.

Finally, the eighteenth proposed amended affirmative defense alleges that Plaintiff violated California Labor Code § 2854 (requiring an employee to use ordinary care and diligence) and 2856 (requiring an employee to comply with all directions of his employer, except where such compliance is impossible or unlawful, or would impose new and unreasonable burdens on the employee). PAA at 16. This is, again, a reformulation of Defendant's legitimate nondiscriminatory reason defense. For the same reason the other reformulations are stricken, Plaintiff's motion to strike the sixteenth proposed amended affirmative defense is **GRANTED WITHOUT LEAVE TO AMEND**. Defendant may incorporate references to these statutes within its legitimate nondiscriminatory reason defense.

### V. CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's motion to strike is **GRANTED IN PART AND DENIED IN PART**. To the extent proposed amended affirmative defenses set forth in the PAA survive and/or where leave to amend has been granted, Defendant shall incorporate such defenses into an amended answer, which shall be filed within fourteen (14) days of issuance of this order.

**IT IS SO ORDERED**
Dated: April 7, 2015

                                        /s/ Lawrence J. O'Neill
                                    **United States District Judge**