UNITED STATES DISTRICT COURT

EASTERN DISTRICT

| | |
|---|---|
| LATOYA JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN EMPIRE TRANSIT DISTRICT; TODDASH KIM; DOES 1 through 100,<br><br>Defendants. | Case No. 1:14-cv-01841-JLT<br><br>ORDER GRANTING IN PART STIPULATION TO EXTEND EXPERT DISCOVERY DEADLINES<br><br>(Doc. 31) |

On November 25, 2015, counsel submitted a stipulation to extend non-expert discovery deadlines. (Doc. 29)  Due to reviewing the mid-discovery status report, filed on October 9, 2015, the Court was aware that counsel were having some difficulties completing discovery due to health issues suffered by Plaintiff's counsel.  (Doc. 28 at 2)  Thus, the Court granted the stipulation on November 30, 2015 and extended the non-expert discovery deadline as requested. (Doc. 30 at 2)  In that order, the Court observed, "This extension will mean that experts will have to be disclosed before the non-expert discovery deadline passes, but, presumably, counsel was aware of this when they suggested the March deadline."  Id. at 1.  Counsel did not respond or make any other effort to disabuse the Court of this notion.

More than two months later, on February 1, 2016, the parties filed another stipulation, this time to extend the expert disclosure deadlines. (Doc. 31)  Counsel report, "The parties inadvertently failed to realize that the existing deadline to disclose experts and exchange expert

reports is set for February 2, 2016, long before the continued deadline to complete non-expert discovery. The parties must complete discovery and have an opportunity for their experts to prepare their reports before they will be in a position to comply with this deadline." Id. at 1-2. Counsel offer no explanation why they failed to appreciate the date for the expert disclosure deadline despite the Court's order on November 30, 2015, which clearly reminded them of it. They also do not explain why they failed to recognize in the intervening months that the expert disclosure deadline was approaching.  Finally, they fail to describe the discovery they still have to complete, why they cannot complete it before the very last day allowed or how this discovery impacts their ability to produce their expert disclosures.

Once entered by a court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)).  Moreover, good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4); Johnson, 975 F.2d at 609.

The situation is one of counsel's own making.  However, the Court will not allow the parties' cases to suffer due to the attorneys' failure to be attentive to the dates in the case schedule.  Thus, the Court will modify the case schedule to some extent as follows:

1. Expert disclosures SHALL occur no later than 4/1/16;
2. Rebuttal experts SHALL be disclosed no later than 4/29/16;
3. All expert discovery SHALL be completed no later than 5/20/16;
4. Non-dispositive motions may be filed no later than 5/27/16 and heard no later than 6/27/16.

///
///
///
///
///

**Absolutely no further amendments to the case schedule will be entertained.**

IT IS SO ORDERED.

Dated:   **February 2, 2016**                    **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE