1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LATOYA JOHNSON, | Case No.: 1:14-cv-01841 - JLT |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO FILE A SECOND AMENDED ANSWER |
| v. | (Doc. 39) |
| GOLDEN EMPIRE TRANSIT DISTRICT, et al., | |
| Defendants. | |

Defendants Golden Empire Transit and Toddash Kim seek leave to file their second amended answer with additional affirmative defenses.  (Doc. 39)  Plaintiff LaToya Johnson opposes the motion.  (Doc. 39)  Because the Court finds the leave to amend is appropriate under Rule 15 of the Federal Rules of Civil Procedure, Defendants' motion to amend is **GRANTED**.

**I.     Background**

In 2012, Plaintiff was hired by Golden Empire Transit District as a driver.  (Doc. at 1-2, ¶¶ 4, 8) She was supervised by defendant Toddash Kim, the operations supervisor with GET.  (*Id.* at 2, ¶ 5)  In December 2013, Plaintiff requested a leave of absence after suffering a knee injury that limited her ability to walk, kneel, or squat.  (*Id.*, ¶ 9)  Plaintiff visited a physician on December 26, 2013, "who indicated Plaintiff needed to take time off work."  (*Id.*)  In January 2014, the physician "indicated that she needed to take additional time off work due to her knee injury," and Plaintiff "faxed a note from her

1

physician to GET." (*Id.* at 2, ¶ 10)  In addition, Plaintiff "placed a phone call to GET to take additional leave time." (*Id.* at 3, ¶ 10)  Plaintiff reports she "visited the GET offices on or about January 9, 2014 to discuss modified duty and her injuries." (*Id.*)  However, at that time Plaintiff was advised that "she was suspended form her position as a driver." (*Id.*)

GET terminated Plaintiff's employment on February 6, 2014.  (Doc. 1 at 3, ¶ 11)  Plaintiff alleges GET "claim[ed] that she had violated rules on the day of the injury by allegedly leaving her bus unattended." (*Id.*)  According to Plaintiff, she and other drivers "had engaged in similar conduct prior to [December 26, 2013] without discipline." (*Id.*)  Plaintiff filed a claim with the California Department of Fair Employment and Housing and received a right to sue letter.  (*Id.*, ¶ 12)

Plaintiff initiated this action by filing a complaint against GET and her supervisor on November 20, 2014.  (Doc. 1)  She contends Defendants are liable for a violation of the Family and Medical Leave Act, 29 U.S.C. § 2615.  (*Id.* at 3)  In addition, Plaintiff asserts GET is liable for (1) discrimination in violation of the California Family Rights Act, Cal. Gov't Code § 12945.2; (2) discrimination based upon disability and failure to accommodate in violation of California's Fair Employment and Housing Act, Cal. Gov't Code § 12926; and (3) failure to take reasonable steps to prevent discrimination.  (*Id.* at 4-6)

GET filed its answer to the allegations on January 14, 2015, including thirty-six affirmative defenses.  (Doc. 7)  Plaintiff filed a motion to strike the affirmative defenses, which was granted in part by the Court on April 7, 015.  (Doc. 18)  The Court found GET "failed to set forth any factual basis in support of its failure to mitigate damages affirmative defense." (*Id.* at 6)  Accordingly, the defense was stricken "without prejudice to defendant filing a motion to amend its answer to re-assert this defense with appropriate factual allegations." (*Id.*, emphasis omitted)  However, the Court denied the motion to strike "[t]he affirmative defenses that Defendant's conduct was 'justified' and based upon 'legitimate, nondiscriminatory reasons.'" (*Id.* at 7)  GET filed its Amended Answer to the complaint on April 10, 2015.  (Doc. 20)  The same day, defendant Toddash Kim filed his Answer. (Doc. 19)

On April 29, 2015, the Court held a scheduling conference with the parties and set forth the deadlines governing the action.  (Doc. 22)  Specifically, "[a]ny requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than October 14, 2015,"

1  and any non-dispositive motions were to be filed no later than April 29, 2016. (*Id.* at 1-2, emphasis

2  omitted)  However, the Court granted the parties' stipulation to extend the deadline for filing a motion

3  to amend the pleadings and file any non-dispositive motions to May 16, 2016.  (Doc. 34at 4)

4          On May 16, 2016, Defendants filed the motion now pending before the Court, seeking to leave

5  to file a second amended answer.  (Doc. 39)  Plaintiff filed her opposition to the motion on May 31,

6  2016 (Doc. 40), to which Defendants filed a reply on June 7, 2016 (Doc. 41)  The Court found the

7  matter suitable for decision without oral arguments, and took the matter under submission pursuant to

8  Local Rule 230(g).

9  **II.     Legal Standards**[1]

10         Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21

11  days of service, or if the pleading is one to which a response is required, 21 days after service of a

12  motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the

13  opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Because Plaintiff does

14  not consent to the filing of the Second Amended Answer, Defendants seek the leave of the Court.

15         Granting or denying leave to amend a pleading is in the discretion of the Court, *Swanson v.*

16  *United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n]

17  when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be

18  guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the

19  pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently,

20  the policy to grant leave to amend is applied with extreme liberality. *Id.*

21         There is no abuse of discretion "in denying a motion to amend where the movant presents no

22  new facts but only new theories and provides no satisfactory explanation for his failure to fully develop

23

24  _____

25  [1] Plaintiff contends Defendants are required to show good cause under Rule 16 of the Federal Rules of Civil
   Procedure to amend the scheduling order prior to filing the second amended answer.  (*See* Doc. 40 at 1-3)  However, the
   parties stipulated to extend the deadline to amend the pleadings to May 16, 2016.  (Docs. 34, 35)  The stipulation did not
26  limit the right to seek a pleading amendment only to one side or the other. (Doc. 34)

27         Because the current motion was filed on May 16, 2016, Defendants complied with the pleading amendment
   deadline.  Consequently, Rule 15 governs this motion, and Rule 16 does not apply.  *See Coleman v. Quaker Oats Co.*, 232
   F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether the liberal amendment standard of Rule 15(a) or the
28  good cause standard of Rule 16(b) applies to a motion for leave to amend a pleading depends on whether the deadline set by
   the Court has expired).

his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).  Leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

### III.    Discussion and Analysis

Evaluating a motion to amend, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Comm. College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### A.    Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading.  *Allen*, 911 F.2d at 373.  In this case, GET filed an amended answer after the Court granted Plaintiff's motion to strike in part.  (*See* Docs. 18, 20)  On the other hand, in striking the "failure to mitigate" defense, the Court anticipated that the answer would be amended once again when it noted that granting the motion to strike was "without prejudice to defendant filing a motion to amend its answer to re-assert this defense with appropriate factual allegations." (Doc. 18 at 6, emphasis omitted)  Defendants now contend that after engaging in discovery, they have discovered facts to support the defense.  In addition, Toddash Kim has not previously amended his answer.  Accordingly, the Court finds this factor does not weigh against amendment.

### B.    Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings.  *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).  However, in combination with other factors, delay may be sufficient to deny amendment.  *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir.

4

1   1981).  Evaluating undue delay, the Court considers "whether the moving party knew or should have

2   known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at

3   1387; *see also Eminence Capital*, 316 F.3d at 1052.  Also, the Court should examine whether

4   "permitting an amendment would . . . produce an undue delay in the litigation."  *Id.* at 1387.

5       Here, Defendants seek leave to amend the answer to include the following four affirmative

6   defenses: (1) Plaintiff's alleged work injury and request to take medical leave "were not reasons for

7   terminating [P]laintiff's employment with GET, were not a negative factor in the decision to terminate

8   her and were not a cause of her termination;" (2) liquidated damages should not be awarded "because

9   the decision to terminate plaintiff was made in good faith and there was reasonable grounds for

10  believing that the decision to terminate [P]laintiff was not a violation of the FMLA;" (3) Plaintiff was

11  not "able to perform the essential duties of a bus driver due to her alleged knee injury;" and (4) Plaintiff

12  "failed to reasonably mitigate her damages."  (Doc. 39 at 1-2; *see also* Doc. 39-2 at 11-14)

13      Notably, GET previously alleged that it acted "in good faith" and had "a lawful, justifiable

14  business reason and necessity for taking all action engaged in with respect to Plaintiff."  (Doc. 7 at 8-9,

15  ¶¶ 15, 22)  In addition, GET asserted that Plaintiff "failed to take reasonable affirmative action to

16  mitigate Plaintiff's damages as alleged in the Complaint and, therefore, is barred from any recovery to

17  the extent Plaintiff has failed to mitigate Plaintiff's damages."  (*Id.* at 8, ¶ 5)  However, GET did not

18  have facts to support its assertion that Plaintiff had not mitigated her damages.  (*See* Doc. 18 at 6)

19  According to Defendants' counsel, Thomas Feher, facts supporting the affirmative defenses—including

20  the failure to mitigate her damages—were learned during the course of Plaintiff's deposition and as a

21  result of her responses to interrogatories.  (Doc. 39-2 at 2-3, Feher Decl. ¶¶ 3- 4)

22      Plaintiff asserts Defendants delayed in seeking leave to amend because her interrogatory

23  responses were mailed in June 2015, and her deposition was taken on December 14, 2015.  (Doc. 40 at

24  2)  Thus, Plaintiff contends "Defendant has known about this potential defense for approximately one

25  year and failed to take any action on that defense until after discovery close[d]."  (*Id.*)

26      Defendants fail to explain why they waited so long after learning of the needed facts to bring

27  the current motion.  Thus, this factor weighs against granting Defendants leave to amend.  *See Jackson*,

28  902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052.

### C.       Bad faith

There is no evidence before the Court suggesting Defendants acted in bad faith in seeking amendment.  Therefore, this factor does not weigh against amendment.

### D.       Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin,* 59 F.3d at 845.  Futility may be found where added claims are duplicative of existing claims or patently frivolous, or both.  *See id.* at 846.  In addition, the Ninth Circuit has determined "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient."  *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988).

At trial, assuming the burden shifts, Defendants will have to "articulate some legitimate, nondiscriminatory reason for the challenged action."  *Hawn v. Executive Jet Mgmt., Inc*., 615 F.3d 1151, 1155 (9th Cir. 2010). Consequently, the assertions that the decision to terminate Plaintiff was made "in good faith," and that her injury and request to take leave "were not reasons for terminating [P]laintiff's employment with GET" are relevant to the claims challenged in this action.  *See id.; see also Guz v. Bechtal Nat'l Inc.,* 24 Cal.4th 317, 354 (2000) (explaining that with a FEHA claim, a defendant must identify "reasons that are facially unrelated to prohibited bias," but the articulated reasons "need not necessarily have been wise or correct").  Similarly, whether Plaintiff was able to perform her job duties is relevant to her claim for a violation of FEHA.  *See* Cal. Gov't Code § 12940(a)(1); *Green v. State,* 42 Cal. 4th 254, 262 (2007) ("the plaintiff employee bears the burden of proving he or she was able to do the job, with or without reasonable accommodation").  Finally, whether Plaintiff failed to mitigate her damages goes to the amount of damages she may recover for lost wages.  *See Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970) (holding lost wages must subtract sums obtained through mitigation).  Consequently, the affirmative defenses are not futile, and this factor does not weigh against granting Defendants leave to file an amended answer.

### E.       Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party.  *Eminence Capital*, 316 F.3d at 1052.  The burden of showing prejudice is on the party opposing an amendment to the complaint.  *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N'*

*Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977).  Prejudice must be substantial to justify denial of leave to amend.  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Plaintiff asserts she would suffer prejudice because she would need "to perform discovery relating to these issues."[2]  (Doc. 40 at 3)  According to the plaintiff, if leave to amend is granted, she would need to conduct additional discovery regarding Defendants' assertion that the "same action" would have been taken against Plaintiff.  (Doc. 40-1 at 2).  In addition, she would need to conduct discovery on "what evidence is required for a good faith defense and did it exist at the time of Plaintiff's termination;" "whether the issue of Plaintiff's knee surgery taking longer than 120 days precludes a claim under the FMLA in light of the fact defendant terminated Plaintiff on the day she returned from leave and only after using a very small amount of her 120 days of leave to which she is entitled;" and whether GET's "light duty program" affects the affirmative defense that Plaintiff was unable to perform her job duties.  (*Id.*)  Further, the plaintiff asserts she must determine "whether experts should now be deposed if the failure to mitigate defense is asserted."  (*Id.*)

Significantly, however, the many of the issues identified by the plaintiff could have been the subject of discovery, even without Defendants' explicitly raising the affirmative defenses in their answers.  For example, claims under the FLMA and FEHA involve shifting burdens.  If the defendant can "articulate a legitimate, nondiscriminatory reason" for the adverse employment action, if the plaintiff is to succeed, she must demonstrate that the reason is a pretext.  Thus, assertions that Defendants acted in good faith and had a legitimate reason for Plaintiff's termination are, in fact, part of the Defendants' rebuttal to a prima facie case of discrimination.  As a result, prudence dictates a

---

[2] The Court notes that Plaintiff filed and then withdrew a motion to amend her complaint.  (Docs. 33, 37)  In opposition to that motion, Defendants argued that the amended pleading would, "raise significant additional factual issues that defendants have not had an opportunity to address during discovery which is now closed."  (Doc. 36 at 1, 2-4)  Defendants concluded, "The foregoing discussion more than adequately establishes that defendants would be significantly prejudiced by the requested amendment. It is plaintiff's burden as part of her Motion to show that the proposed amendment would not be prejudicial to defendants."  *Id.* at 2.  This irony is not lost on the Court.

Defendants argue here, "Because plaintiff has been put on notice of this defense and since the reasons for plaintiff's termination and whether she violated GET's progressive discipline policy have been examined at length during the course of discovery, plaintiff will suffer no prejudice by the inclusion of this affirmative defense."  (Doc. 39-1 at 4) However, Defendants fail to demonstrate the lack of prejudice to Plaintiff by adding the mitigation defense now.

plaintiff to conduct discovery on these topics regardless of whether there is an affirmative defense making this claim. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 79 (1973); *Sanders v. City of Newport*, 657 F.3d 772, 777-78 (9th Cir. 2011) (applying the shifting burdens of *McDonnell Douglas* to a claim under FLMA); *Guz*, 24 Cal.4th at 353-54 (explaining the *McDonnell Douglas* framework is applicable to claims for discrimination under FEHA).

The defendants conclude that there would be no prejudice to the plaintiff if the Court grants the motion to amend the answer.  However, there is no reason the Court can see that the plaintiff would conduct discovery into whether the defendants believe she has failed to mitigate her damages or whether the defendants contended she was not capable of because this defense had not been pleaded. In fact, her attorney specifically indicates that he forewent this discovery because it was irrelevant. (Doc. 40-1 at 2)  On the other hand, there is time remaining to allow Plaintiff to conduct this discovery. Thus, this factor weighs against and weighs in favor of granting Defendants leave to amend.

## IV.    Conclusion and Order

Based upon the foregoing, the Court **ORDERS**:

1.      Defendants' motion for leave to file the second amended answer is **GRANTED**; and

2.      Defendants **SHALL** file the second amended answer no later than **June 30, 2016**;

3.      Plaintiff may conduct discovery as to the added affirmative defenses to be completed no later than **September 1, 2016**.


IT IS SO ORDERED.

Dated:   **June 28, 2016**                            **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

8